UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CARLOS ALVAVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-02134-JPH-TAB |
| | ) | |
| DONALD EMERSON Warden, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Carlos Alvavera's petition for a writ of habeas corpus seeks relief from his conviction and sanctions in prison disciplinary case IYC 23-11-4826. For the following reasons, his petition is denied, and this action is dismissed with prejudice.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass.*

*Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On November 17, 2023, Sergeant K. Fadare conducted a "targeted shakedown" in the West Dorm, L-Unit 37U [upper bunk]. Dkt. 16-1. He removed a panel between two drawer cavities in the top bunk of L:37U and found a plastic bag with 50 individual baggies containing a "white crystalline substance believed to be methamphetamine." *Id.* Sergeant Fadare confiscated the contraband, photographed it, and secured it in an evidence locker. *Id.* Mr. Alvavera (assigned to L-37L [lower bunk]) denied that the drugs were his or that he had any knowledge of them. *Id.*

Investigator P. Prulhiere tested the substance and determined that it was 78 grams of methamphetamine. Dkt. 16-3 at 3. Sergeant Fadare charged Mr. Alvavera with offense A-100, violation of law for possessing controlled substances with intent to distribute methamphetamine (Indiana Code § 35-48-4-1.1). Dkt. 16-1.

On November 20, a screening officer notified Mr. Alvavera of the charge and of his rights. Dkt. 16-4. Mr. Alvavera pleaded not guilty. *Id.* The screening officer provided Mr. Alvavera with a copy of the conduct and screening reports. *Id.* Mr. Alvavera requested the evidence card and testing as evidence. *Id.* He requested to know from Sergeant Fadare, "Did you take any photos of the damage?" but that request was denied because it was not related to the finding of drugs. *Id.* He also requested a witness statement from his cellmate Dustin

2

Glenn answering, "Have you seen me with anything like this?" *Id.* In response, Mr. Glenn provided a witness statement saying, "No not in my bunkies possession." Dkt. 16-8.

On December 8, the disciplinary hearing officer (DHO) held a hearing in case IYC 23-11-4826. Dkt. 16-6. Mr. Alvavera stated, "They found it in the cavity of the top bunk. I don't sleep on the upper bunk, I'm on the lower. I/I Glenn had plead guilty to the phone, it was found in the same area. Glenn states that he never seen I/I Alvavera with the substance in his possession." *Id.*

The DHO found Mr. Alvavera guilty of offense A-100. Dkt. 16-6. He reasoned that:

> DHB has found you guilty, due to report, picture, and test results. According to report, Sgt. Fadare located a large sum of individually wrapped crystalline substance in the drawer cavities of L37U, which would place both Individuals in Possession this contraband. The picture of evidence displays a large quantity of individually wrapped substances, which is suspected to be methamphetamine. Test results concluded that the quantity was 78g of Methamphetamine. Preponderance evidence suggests I/I Alvavera was in possession of a large sum of a Controlled Substance, and that I/I Alvavera intention was that he wanted to distribute this Unauthorized Substance."

*Id.* (errors in original).

The DHO sanctioned Mr. Alvavera to a 999-day loss of earned credit time and a one-step demotion in credit earning class, in addition to non-grievous sanctions. *Id.*

Mr. Alvavera's appeals were denied except the loss of earned credit time was reduced from 999 days to 180 days, with the rest of the sanctions remaining in effect. Dkt. 16-10.  This habeas action followed.

### III. Discussion

Mr. Alvavera's claims are: (1) he was unaware of what was in his bunkie's possession and his bunkie accepted responsibility for all confiscated items; and 2) the DHO was biased. Respondent argues that Mr. Alvavera did not exhaust his bias claim, but in this case, the Court chooses to move directly to the merits of Mr. Alvavera's claims. *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018).

### A.  Some Evidence

Mr. Alvavera first challenges the sufficiency of the evidence. He argues that he was not aware of the drugs and that his cellmate took responsibility for them. Dkt. 1 at 3. He was assigned to the lower bunk, and the contraband was found in a "panel between the two drawer cavities on the top bunk." Dkt. 16-1. Mr. Alvavera was then charged with A-100, violating state law, Ind. Code 35-48-4-1.1 (possessing with intent to distribute methamphetamine).

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same).

Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011). The Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Here, test results confirmed that the contraband was methamphetamine and that it weighed more than 28 grams. Dkt. 16-3 at 3. Although Mr. Alvavera argues that he had no intent to distribute because the drugs were not his, the intention to distribute is satisfied by the statute when the amount of methamphetamine is 28 grams or more. *See* Ind. Code Ann. § 35-48-4-1.1(b)(2).

There is also sufficient evidence that Mr. Alvavera possessed the methamphetamine. The DHO relied on the conduct report, photograph of the drugs, and test results in finding Mr. Alvavera guilty of the charge. That evidence supports the finding that a large quantity of drugs were found in Mr. Alvavera's cell, where very few people could have had access to it. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992); *Griffin v. State*, 945 N.E.2d 781, 784–85 (Ind. Ct. App. 2011). While Mr. Alvavera says that his cellmate pleaded guilty to possessing the drugs, that does not undermine "some evidence" because Indiana law recognizes joint possession in situations like these. *See Iddings v. State*, 772 N.E.2d 1006, 1015–16 (Ind. Ct. App. 2002).

This evidence is sufficient to satisfy due process.

### B. Impartial Decisionmaker

Next, Mr. Alvavera argues that the DHO showed extreme bias when he tried to impose an excessive sanction - the loss of 999 earned credit days. Dkt. 1 at 3. The sanction of 999 days was, as noted above, reduced to 180 days on appeal.

Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the Indiana Department of Correction. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. Another possible example of bias is if the DHO were found to have an intimate relationship with a crucial witness in the case. *See Eads vs. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

However, none of those circumstances are alleged here. Mr. Alvavera does not allege that the DHO was involved in the incident or the investigation thereof, nor that he had an inappropriate relationship with a witness. There is no clear evidence of bias. The presumption that the DHO was not biased therefore has not been overcome.

## IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Alvavera to the relief he seeks. Accordingly, Mr. Alvavera's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.**

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 7/17/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CARLOS ALVAVERA
201983
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov